# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cr-20094-SHM |
| ) | |
| NICKEY ARDD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are two motions filed by Defendant Nickey Ardd: (1) Motion To Suppress Controlled Substance Evidence (ECF No. 67) and (2) Motion to Reconsider Order Denying In Part Motion to Suppress and requesting a Franks hearing (ECF No. 68), both filed on May 23, 2017. On July 26, 2017, United States Magistrate Judge Tu M. Pham issued a Report and Recommendation (the "Report"). (ECF No. 83.) The Report recommends that both motions be denied. (Id. at 553.)[1]

On August 11, 2017, Defendant filed a motion asking to extend the deadline to file objections to the Report to August 14, 2017. (ECF No. 88.) The Court granted the motion the same day. (ECF No. 89.) On August 17, 2017, Defendant filed untimely ob-

---

[1] Unless otherwise noted, all in-cite page numbers refer to the PageID number.

jections to the Report. (ECF No. 90.)[2] On September 1, 2017, the Government responded to the objections. (ECF No. 91.)

For the following reasons, the Court ADOPTS the Magistrate Judge's Report. The Motion to Reconsider and request for a <u>Franks</u> hearing are DENIED. The Motion to Suppress is DENIED.

## I. BACKGROUND

The facts are stated more fully in the Order dated April 18, 2017. (ECF No. 63.)

On April 27, 2016, a federal grand jury returned a five-count indictment against Defendant. (ECF No. 1.) Among the charges against Defendant was one count of possessing, with intent to distribute, a detectable amount of cocaine, in violation of 18 U.S.C. § 841(a)(1).

On September 22, 2016, Defendant filed a Motion to Suppress. (ECF No. 23.) The Court referred the Motion to Suppress to Magistrate Judge Pham. (ECF No. 24.) After a hearing on the Motion to Suppress, the Magistrate Judge entered his Report and Recommendation. (ECF No. 53.) On March 2, 2017, the Magistrate Judge entered an Amended Report and Recommendation that made minor changes to the original. (ECF No. 54) On April 18, 2017, the Court adopted the Report in part and issued an order denying the motion to suppress. (ECF No. 63.)

---

[2] The Court exercises its discretion to consider Defendant's objections to the Report on the merits.

2

On May 23, 2017, Defendant filed two more pre-trial motions. The first seeks to suppress the cocaine he allegedly purchased from undercover officers on July 16, 2015. (ECF No. 67.) The second seeks reconsideration of the Court's April 18, 2017 Order, and requests a Franks hearing on the search warrant affidavit signed by Detective Harold Tellez of the Memphis Police Department. (ECF No. 68.)

On July 26, 2017, the Magistrate Judge entered his Report (ECF No. 83.) The Report recommends denial of both motions. (Id. at 553.)

## II. JURISDICTION & STANDARD OF REVIEW

A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a). The standard of review depends on the nature of the matter considered by the magistrate judge. "[U]pon proper objection by a party, a district

3

court must review *de novo* a magistrate judge's ruling on a motion to suppress." United States v. Quinney, 238 F. App'x 150, 152 (6th Cir. 2007) (citing 28 U.S.C. § 636(b)(1); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001)).

The Court need not review -- under a *de novo* or any other standard -- those aspects of a report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150-52 (1985). Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). A general, frivolous, or conclusory objection will be treated as if no objection had been made. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

**III. ANALYSIS**

    **A. Objections to Section II.A of the Report**

The Report concludes "that the documents presented by [Defendant] do not support any discrepancies that would remotely

raise due process concerns." (ECF No. 83 at 555.)  The Report also states that, "to the extent [Defendant] believes the documents reflect material differences in the weight of the drug evidence, [Defendant] may raise such concerns at trial." (Id.)

With one exception, Defendant's objections to the Report are general and restate prior arguments from his Motion to Suppress. (ECF No. 90 at 573-75.) Those arguments were briefed and considered by the Magistrate Judge. Objections are intended to identify specific errors in the Magistrate's Report, not to restate arguments already considered. Davis v. Caruso, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to a Report and Recommendation where Plaintiff "merely rehashe[d] his arguments."); Mira, 806 F.2d at 637. Defendant has failed to preserve these objections for review.

The exception, Defendant's only new objection to the Report, is his argument that the Magistrate Judge "glossed over the significant discrepancies in the purported evidence of the police reports, the officer testimony, and what the TBI lab test results yielded." (ECF No. 90 at 574.) Defendant argues that the discrepancies "are not minor," but significant enough to "contraven[e] . . . [Defendant's] due process rights." (Id. at 575.)

To support admission of physical evidence, the government must show "that the exhibit offered is in substantially the same

5

condition as it was when the crime was committed." <u>United States v. Robinson</u>, 104 F.3d 361, at *2 (6th Cir. 1996). "Where there is no evidence indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly." <u>United States v. Allen</u>, 106 F.3d 695, 700 (6th Cir. 1997) (citation omitted).

Both the police reports and the TBI lab tests describe the narcotics seized as cocaine. (ECF No. 83 at 554.) The police reports and the evidence reports state that 254 grams of cocaine were seized, and the TBI lab test states that 244.5 grams were seized. (<u>Id.</u> at 554-55.) Although the amounts are not identical, the amount stated in the lab test differs from the amount in the reports by less than 3.8%. Either amount would be sufficient to support the charge of possession, with intent to distribute, a detectable amount of cocaine. (ECF No. 1.) The amounts are "substantially the same" and do not raise due process concerns. The difference is an issue for trial.

The Court ADOPTS Section II.A of the Report.

**B.   Objections to Section II.B.1 of the Report**

The Report concludes that the request for a <u>Franks</u> hearing should be denied because "whether [Defendant] called Detective Tellez on June 12, 2015, or vice-versa, is wholly immaterial to the finding of probable cause." (ECF No. 83 at 559.) The Report concludes that probable cause was not based on the warrant

6

issued, but on Defendant's actual arrest and "a nexus between the evidence sought and [Defendant's] home." (Id. at 558-59.)

Defendant argues that it is "illogical" to conclude that "the judicial commissioner relied upon a probable cause event that had not happened yet." (ECF No. 90 at 577.) Defendant argues that, because "Detective Tellez and his team chose to seek a search warrant in this matter," probable cause was based on the warrant. (Id. at 576.)

Defendant overlooks the search incident to arrest exception to the Fourth Amendment warrant requirement. "A search absent a warrant is per se unreasonable," but one "'specifically established and well-delineated exception[]' . . . is for searches incident to a lawful arrest." Northrop v. Trippett, 265 F.3d 372 (6th Cir. 2001) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

Defendant does not dispute that he was arrested for ongoing drug trafficking, or that there was a nexus between the evidence sought and Defendant's home. Officers did not need to rely on the anticipatory warrant to search Defendant's home. Because the anticipatory warrant was not used to justify the search, the Court need not determine its validity.

The Court ADOPTS Section II.B.1 of the Report. The request for a Franks hearing is DENIED.

**C. Objections to Section II.B.2 of the Report**

7

Defendant objects to the Report's conclusion that, "even assuming *arguendo* that the warrant did not comply with Tennessee Rule 41, suppression of the evidence in this case is not warranted." (ECF No. 83 at 560.) Defendant argues that the evidence should be suppressed because "the officer and commissioner acted in a manner that resulted in a search that was unreasonable" by not "writing [by hand] . . . the law enforcement officer's name on the warrant." (ECF No. 90 at 578.)

As the Report notes, the Sixth Circuit had held that it is "federal, not state, law [that] governs the question of the validity of a [state-issued] search warrant in a federal criminal proceeding." United States v. Beales, 698 F.3d 248, 263 (6th Cir. 2012). [I]it is usually irrelevant whether a state rule of criminal procedure was violated" when "determining whether evidence obtained solely by state officers is admissible." Id. at 264.

The failure of the issuing judicial officer to handwrite, rather than type, the name of the law enforcement officer to whom the warrant is issued on the warrant does not violate the Fourth Amendment. The search warrant was issued by a neutral and detached magistrate upon a finding of probable cause and described the items sought with particularity. (See generally ECF No. 68-1.) The search warrant satisfies the Fourth Amendment. See Dalia v. United States, 441 U.S. 238, 255 (1979); Maryland

8

v. Garrison, 480 U.S. 79, 84-85 (1987). The judicial officer's failure to comply with Tennessee Rule of Criminal Procedure 41 does not affect the admissibility of the evidence.

The Court ADOPTS Section II.B of the Report.

**IV. CONCLUSION**

The Court ADOPTS the Report. The Motion to Suppress is DENIED. The Motion to Reconsider and request for a Franks hearing are DENIED.

So ordered this 18th day of September, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE